ACCEPTED
09-16-00306-CR
NINTH COURT OF APPEALS
BEAUMONT, TEXAS
12/10/2017 12:02 PM
CAROL ANNE HARLEY
CLERK

## NO. 09-16-00306-CR

———◆———

In the

**Court of Appeals**
For The
**Ninth District of Texas**
At Beaumont

FILED IN
9th COURT OF APPEALS
BEAUMONT, TEXAS

12/11/2017 8:02:00 AM

CAROL ANNE HARLEY
Clerk

———◆———

**No. 16-04-04919-CR**
In the 221st District Court
Of Montgomery County, Texas

RECEIVED IN
9th COURT OF APPEALS
BEAUMONT, TEXAS

12/11/2017 8:01:00 AM

CAROL ANNE HARLEY
Clerk

———◆———

**DELL IVAN GODKIN**
*Appellant*

V.

**THE STATE OF TEXAS**
*Appellee*

———◆———

**APPELLANT'S MOTION
FOR REHEARING EN BANC**

———◆———

TO THE HONORABLE COURT OF APPEALS:

COMES NOW THE APPELLANT, BY THE THROUGH his attorney of record, and respectfully offers his Motion for Rehearing En Banc pursuant to T.R.A.P. 49.7 from this Court's opinion in the above styled and numbered cause

1

delivered on November 8, 2017 affirming the judgement and conviction.

## SOLE GROUND FOR REVIEW

**THE COURT OF APPEALS ERRED BY RULING THAT APPELLANT DID NOT SATISFY THE SECOND PRONG OF STRICKLAND.**

## ARGUMENT AND AUTHORITIES

Appellant Dell Ivan Godkin was found guilty and sentenced to life in prison for aggravated sexual assault of a child. In this Court's November 8, 2017 opinion, the Court found that Appellant could not satisfy the second prong of Strickland, holding "Appellant has not demonstrated that, but for counsel's alleged ineffective assistance in bringing up the extraneous offense evidence during voir dire and opening statement, the results of the trial would have been different." *Godkin v. State,* NO. 09-16-00306 at 12 ((Tex.App. – Beaumont, November 8, 2017).

During voir dire and opening statement, Appellant's attorneys discussed an extraneous sexual assault of a child, allegedly committed by the Appellant, in front of the jury. (RR II 130-151 & III 10-12). The State never offered or introduced evidence of this extraneous offense.

This case provides for a very unique set of circumstances for this Court to consider in determining if the second prong of Strickland has been met. First, we have evidence from two jury panel members, after hearing Appellant's trial

2

counsel inform the jury panel that Appellant committed another "crime, a wrong act, evidence regarding Dell Godkin committed other crimes or wrongs or acts against a *child* who is not the alleged victim in this case", state that they would now be biased against Appellant. (emphasis mine) (RR II 130-151). One panel member stating it is impossible not to be biased and the other stating that he would be inherently biased and that everyone would be inherently biased. (RR II 142, 172). We rarely find a record that definitively demonstrates the devastating impact the introduction of an extraneous offense has on a jury's impartiality. And that extraneous offense was introduced by Appellant's own attorney's after filing a motion in limine and having the court exclude that very evidence.

Secondly, the jury found, by their verdict, that the complaining witness was not credible. The jury was charged with continuous sexual assault of a child and the lesser included offense of aggravated sexual assault of a child. The jury returned a verdict for the lesser included offense of aggravated sexual assault of a child. The only difference being whether the abuse continued for more than thirty (30) days, as the complaining witness stated it did (RR VI 160). By returning a verdict for the lesser included offense and not continuous, the jury directly found that the complaining witness was not credible.

Third, trial counsel admitted they made mistakes. (SRR I 49). They further admitted that the extraneous offense bolstered the credibility of the complaining

3

witness. (SRR II 29, 34, 37, 40). Sexual assault cases are frequently he said, she said trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence." See *Hammer v. State*, 296 S.W.3d 555, 561-62 (Tex.Crim.App.2009). Trials involving sexual assault may raise particular evidentiary and constitutional concerns because the credibility of the complainant is central (id).

In closing, numerous courts have held that trial counsel can be ineffective for simply not objecting to extraneous offenses or opening the door to an extraneous offense. Defense counsel's repeated failure to object to the admission of multiple extraneous offenses or " bad acts" has been held to deprive a defendant of a fair trial and to constitute ineffective assistance. See, e.g., *Cude v. State*, 588 S.W.2d 895, 897-98 (Tex.Crim.App.1979) (in armed robbery trial defense counsel's repeated failure to object to inadmissible extraneous offense evidence of the defendant's prior armed robberies, theft of a car, possession of drugs and a sawed-off shotgun, and prior incarceration was ineffective assistance and denied defendant a fair trial under pre- Strickland standard); *Doles v. State*, 786 S.W.2d 741, 746 (Tex.App.-Tyler 1989, no pet.) (trial counsel's reoccurring failure to make proper objections to evidence of extraneous sexual offenses committed by the appellant against his stepchildren, other than the victim, which were admitted

4

during the guilt-innocence phase, represents professionally unreasonable errors, adversely affecting appellant's defense"); *Jackson v. State*, 857 S.W.2d 678, 683 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (counsel rendered ineffective assistance by, among other conduct, permitting evidence of extraneous offenses of delivery of narcotics and possession of weapons to be admitted with no objection).

## PRAYER

WHEREFORE, for the reasons set forth above, Appellant respectfully seeks review by the Court en banc, hold that Appellant's trial counsel were ineffective, and remand to the trial court for a new trial.

/s/ Shawn McDonald
Shawn McDonald
Attorney for Appellant
77 Sugar Creek Center Blvd. Ste.230
Sugar Land, TX 77478
Smcdonald2421@gmail.com
PH 713 228 25253
FAX 281 809 7133
State Bar Number 24029715

## CERTIFICERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via efile to Bill Delmore, Assistant District Attorney, on the 10th day of December 2017.

/s/ Shawn McDonald

## CERTIFICATE OF COMPLIANCE

1.      The brief complies with the type-volume limitation imposed by Rule 9.4(i) of the Texas Rules of Appellate Procedure because the brief contains 812 words excluding the signature, proof of service, certification, certificate of compliance, and appendix.

2.      The brief complies with the typeface and the type style requirements of Rule 9.4(e) of the Texas Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using Word in 14-point font and Times New Roman type style.

/s/ Shawn McDonald